UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAZZMAN DUPREE,

    Defendant-Petitioner,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

Civil Case No. 25-10285
Criminal Case No. 22-20352
U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER DENYING DEFENDANT DAZZMAN DUPREE'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY [#64]

### I.    INTRODUCTION

Dazzman Dupree is presently incarcerated at FCI Pollock in Pollock, Louisiana. Presently before the Court is his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#64] (" § 2255 Motion"). For the reasons that follow, Dupree's § 2255 Motion is DENIED. The record before the Court conclusively shows that Dupree is not entitled to relief under § 2255, and as such, an evidentiary hearing need not be held. *See* 28 U.S.C. § 2255(b).

## II. BACKGROUND

In April 2023, Dupree was charged in a Superseding Information with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Dupree pleaded guilty to these offenses pursuant to a Rule 11 Plea Agreement. The Plea Agreement contained the following waiver:

> The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. . . . The defendant, however, waives any other right [he] may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right [he] may have to challenge [his] conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above)[.]

ECF No. 40, PageID.286. It also contained a provision affirming that Dupree understood and agreed to all the terms in the Agreement:

> By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

*Id.* at PageID.289. Both Dupree's signature and his attorney's signature appear below that provision, and the Plea Agreement was accepted by the Court.

Dupree filed the § 2255 Motion that is presently before the Court on January

2

28, 2025. He seeks relief on three grounds. First, he claims his drug conspiracy conviction is invalid because he was the only individual charged and he "cannot be in a conspiracy without other defendants." ECF No. 64, PageID.441. Second, he claims ineffective assistance of counsel based on his attorney's failure to challenge the drug conspiracy charge on the ground that he was the sole defendant charged. Lastly, he contends that his firearm possession conviction is improper because "by statute [one] cannot be convicted of § 924(c) on a 'conspiracy' or 'intent' case." *Id.* at PageID.451.

### III. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]o prevail upon a § 2255 motion, the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citation and internal quotation marks omitted). An evidentiary hearing need not be held on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### IV. ANALYSIS

At the onset, the Court addresses the timeliness of Dupree's § 2255 Motion.

3

A motion for post-conviction relief under § 2255 is subject to a one-year statute of limitations that runs from the latest of four events:

 (1) the date on which the judgment of conviction becomes final;

 (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Dupree's motion is untimely under subsection (f)(1). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Federal Rule of Appellate Procedure 4(b)(1)(A) provides that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. Pr. 4(b)(1)(A). Here, Dupree's conviction became final on November 24, 2023, giving him until November 25,

4

2024 to file his § 2255 Motion.[1] He did not do so until January 28, 2025, rendering his § 2255 Motion untimely under subsection (f)(1).

Dupree contends that his motion is timely under subsection (f)(4) because he exercised due diligence and discovered the facts supporting his claim after his judgment became final. Specifically, Dupree argues that the one-year period began to run when his sentencing transcript became publicly available on the docket on March 29, 2024, as it revealed information about the charges that were dismissed and those on which he was convicted. This information, however, was available to him at his sentencing and is also reflected in the Court's judgment, which was docketed on November 9, 2023. With reasonable diligence, Dupree could have discovered these facts well before the one-year deadline preceding the filing of his § 2255 Motion. As such, his motion is untimely.

The Court acknowledges that Dupree filed a motion for an extension of time to file a § 2255 motion before the limitations period expired. He sought equitable

---

[1] The Court entered judgment on November 9, 2023. The Government did not file an appeal, and as such, Dupree's conviction became final 14 days following the Court's entry of judgment. Federal Rule of Civil Procedure 6 governs computation of time and provides that "if the last day [of a time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6. The 14-day finality period ended on Thursday, November 23, 2023, which was Thanksgiving Day. Thus, under Rule 6, Dupree's conviction became final on Friday, November 24, 2023. Similarly, the one-year statute of limitations period ended on Sunday, November 24, 2024, and Rule 6 extended this end date to Monday, November 25, 2024.

tolling of the statute of limitations, asserting that he did not receive his sentencing transcript until April 2024 and that "random lockdowns at the BOP for weeks at a time" hindered his ability to timely file his motion. ECF No. 62, PageID.432. The Court denied that motion for lack of jurisdiction, as Dupree had not yet filed a § 2255 motion. ECF No. 63, PageID.435 ("Federal courts lack jurisdiction to consider a motion for an extension of time to file a § 2255 motion before the § 2255 motion has actually been filed."). The Court further stated that if Dupree were to file a § 2255 motion in the future, he could then raise equitable tolling as an issue for the Court's consideration. *Id.*

Although § 2255's limitation period may be subject to equitable tolling, federal courts sparingly grant such relief. *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, the movant must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Here, there are no facts suggesting that Dupree diligently pursued his rights or that any extraordinary circumstances prevented him from timely filing his § 2255 Motion. Therefore, the Court concludes that Dupree's § 2255 Motion is time-barred.

Even if this motion were timely filed, his Plea Agreement expressly waives his right to challenge his conviction or sentence under § 2255, with the exception of

6

properly raised ineffective assistance of counsel or prosecutorial misconduct claims. "A defendant's waiver of his right to challenge his conviction and sentence under § 2255 is enforceable when it is entered into 'knowingly, intelligently, and voluntarily.'" *In re Garner*, 664 F. App'x 441, 442 (6th Cir. 2016) (quoting *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001)). In entering into his Plea Agreement, Dupree affirmed that he understood the entire document, had a full and complete opportunity to discuss it with his attorney, and agreed to its terms. Dupree does not allege deficiencies in the plea process or that his underlying plea agreement is invalid. On this basis, the Court finds that Dupree knowingly, intelligently, and voluntarily entered into the Plea Agreement. Accordingly, with the exception of his ineffective assistance of counsel claim, he waived his right to collaterally attack his conviction under § 2255.

Finally, while Dupree did not waive his right to assert his ineffective assistance of counsel claim, it fails on the merits. "Claims of ineffective assistance of counsel are appropriately brought by filing a motion under section 2255." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citation omitted). To prevail, the movant must satisfy two requirements. First, he must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). An attorney's failure to raise a meritless issue is not unreasonable. *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999).

Second, the movant must demonstrate "that the deficient performance prejudiced the defense," which requires demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694.

Here, Dupree claims ineffective assistance of counsel based on his attorney's alleged failure to challenge his drug conspiracy charge on the ground that he was the sole defendant charged. He asserts that without at least one other co-defendant, he could not have been convicted of drug conspiracy under 21 U.S.C. § 846. This argument, however, misconstrues the law. Drug conspiracy under § 846 "requires the government to show that two or more individuals have agreed to violate a drug law (such as § 841(a)(1)'s ban on distributing drugs) and that the defendant knowingly and voluntarily entered into this agreement." *United States v. Wheat*, 988 F.3d 299, 306 (6th Cir. 2021). While it requires at least two coconspirators, it does not require that all coconspirators be charged or tried together. *See United States v. Sachs*, 801 F.2d 839, 845 (6th Cir. 1986) ("[I]f charges are never brought against other alleged coconspirators, if charges are dismissed against all other coconspirators, or if a coconspirator has not yet been tried, dismissal of charges against the remaining conspirator is not required."). Because Dupree could have been convicted of drug conspiracy even if charged alone, his attorney's failure to raise this issue was not unreasonable as it would have been futile. Therefore,

8

Dupree's ineffective assistance of counsel claim is without merit.

## V.  CONCLUSION

Based on the foregoing, Dupree's § 2255 Motion [#64] is DENIED.

SO ORDERED.

Dated: June 23, 2025  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 23, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

9